IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS LANDELL DAVIDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-0006-D |
| | § | |
| AT&T MOBILITY, LLC; | § | |
| CITY OF DALLAS, TEXAS; and | § | |
| ALAN JARVIS, Individually, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants AT&T Mobility, LLC, the City of Dallas, Texas, and Alan Jarvis move pursuant to Fed. R. Civ. P. 37(c)(1) to strike the late designation of expert witnesses by plaintiff Thomas Landell Davidson ("Davidson") and to prevent these witnesses from testifying in any hearing or at trial. Davidson has not responded to the motion. For the reasons that follow, the court grants the motion in part and denies it in part.[1]

I

The scheduling order in this case required that the parties designate expert witnesses and otherwise comply with Rule 26(a)(2) by October 10, 2017. On December 19, 2017, two months after the deadline, Davidson filed his designation of expert witnesses and designation

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

of potential witnesses. On January 1, 2018 Davidson filed his first amended designation of potential witnesses.[2] Among these three documents, Davidson designates as experts eleven medical professionals and two employees of the law firm that represents him. According to the designations, these experts will testify "regarding the medical treatment of the Plaintiff" and "the reasonable and necessary attorneys' fees incurred by the Plaintiff," respectively. P. Desig. of Expert Witnesses 1. Davidson did not move for leave or seek to modify the scheduling order before belatedly filing these expert designations.

II

Under Rule 37(c)(1),

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Rule 37(c)(1).[3] In evaluating whether a violation of Rule 26 is substantially justified or harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Hoffman v. L & M Arts*, 2013 WL 81578, at *1-2 (N.D. Tex. Jan. 8, 2013)

---

[2]Although January 1, 2018 was a federal holiday, electronic filing enables such a filing to be made.

[3]Rule 26(a)(2)(D) requires that parties make expert disclosures "at the times and in the sequence that the court orders."

(Fitzwater, J.). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Current v. Atochem N. Am., Inc.*, 2001 WL 36101282, at *2 (W.D. Tex. Sept. 18, 2001); *see also Companion Prop. & Cas. Ins. Co. v. Opheim*, 92 F.Supp.3d 539, 544 (N.D. Tex. 2015) (Fish, J.) ("Because [the party facing sanctions] failed to demonstrate that its failure to designate Bourneuf as an expert witness was either 'substantially justified or . . . harmless,' . . . the court must exclude the relevant paragraphs of the declaration from evidence."); *Red Dot Bldgs. v. Jacobs Tech., Inc.*, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012) ("Exclusion of the evidence is mandatory and automatic unless the party demonstrates substantial justification or harmlessness.").

Defendants maintain that they will be prejudiced by the delay required to prepare for the late-designated expert witnesses, in addition to the increased legal costs. Because Davidson has not responded to the motion to strike, he has not demonstrated that his failure to comply with Rule 26(a) was substantially justified or harmless. Moreover, Davidson has made no other attempt to explain his late expert designations, either through seeking leave of court or otherwise. The court therefore grants the motion to strike as to all experts except the law firm witnesses who will testify concerning attorney's fees and nontaxable expenses.

III

Although Davidson has not responded to defendants' motion, the court declines to exclude his witnesses on attorney's fees and related nontaxable expenses, despite the failure to timely designate them.

> This court has typically treated the designation of attorney's fee experts differently from other experts. In most instances, as in the present case, Rule 54(d) provides that attorney's fees are decided by the court on motion filed after the entry of judgment. Attorneys who represent parties against whom such fees are sought are not surprised by expert testimony because they can usually expect that opposing counsel will attempt to prove his attorney's fees and because they are themselves experts on the subject. Because the matter is handled by motion and usually decided on affidavits, the court can cure any prejudice that a party may face from a tardy designation by continuing submission of the attorney's fee issue if the party needs additional time to obtain its own expert.

*Wright v. Blythe-Nelson*, 2001 WL 804529, at *6 (N.D. Tex. July 10, 2001) (Fitzwater, J.) (footnote omitted).

\* \* \*

Accordingly, defendants' motion to strike is granted to the extent that—other than expert witnesses designated to testify concerning attorney's fees and related nontaxable expenses—the expert witnesses designated in Davidson's December 19, 2017 designation of expert witnesses, December 19, 2017 designation of potential witnesses, and January 1,

2018 first amended designation of potential witnesses are stricken and prohibited from testifying in any hearing or at trial.[4] The motion is otherwise denied.

**SO ORDERED**.

April 3, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[4]This memorandum opinion and order does not apply to non-expert witnesses included in these filings.