IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS LANDELL DAVIDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-0006-D |
| | § | |
| AT&T MOBILITY, LLC; | § | |
| CITY OF DALLAS, TEXAS; and | § | |
| ALAN JARVIS, Individually, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Thomas Landell Davidson ("Davidson") asserting claims under 42 U.S.C. § 1983 and Texas tort law, defendant AT&T Mobility, LLC ("AT&T") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims made against it in Davidson's second amended complaint ("second amended complaint") on the ground that he has failed to state a claim on which relief can be granted. For the reasons that follow, the court grants AT&T's motion and dismisses with prejudice all of Davidson's claims against AT&T by Rule 54(b) final judgment filed today.

I

The court has already recited the relevant background facts in a prior memorandum opinion and order. *See Davidson v. AT&T Mobility, LLC* ("*Davidson I*"), 2018 WL 1407283, at *1-2 (N.D. Tex. Mar. 21, 2018) (Fitzwater, J.). Because Davidson has since amended his complaint, however, and AT&T is moving to dismiss under Rule 12(b)(6), the court will

recount the basic events anew. These facts are taken from Davidson's second amended complaint, and, for the purposes of this motion, are assumed to be true.

On January 4, 2015 Davidson—a 27-year-old Florida resident—visited an AT&T store in Dallas on his way back to his home state. His plan was to purchase cell phones for himself, his mother, and his sister. Davidson wanted to pay cash for the phones, but a store manager refused to accept his cash payment, insisting instead that Davidson pay with a credit card. A cashier who was assisting Davidson stated that he could pay cash if he bought only one phone, but when Davidson offered to buy just one, the store manager again refused: because Davidson had originally asked to purchase three cell phones, Davidson would have to use a credit card if he wanted to buy any number of them. Davidson then asked why he was not being allowed to purchase a phone at all.

It was at this point that defendant Alan Jarvis ("Jarvis") appeared. Jarvis was an off-duty City of Dallas police officer who was working as a security officer for the mall's landlord. An AT&T employee had asked Jarvis to remove Davidson from the premises. When Jarvis approached Davidson, he yelled at him to "get the hell out" of the store, and Davidson agreed to leave. 2d Am. Compl. ¶ 8. As Davidson was exiting the store, Jarvis suddenly grabbed him by the arm and pushed him. Davidson asked Jarvis not to touch him, but Jarvis pushed Davidson again as Davidson was walking through the door. When Davidson turned around to face Jarvis, Jarvis tried unsuccessfully to punch Davidson, and then continued to push him out of the store and into a wall. Some unidentified bystanders joined in, taking Davidson to the ground and holding him in place while Jarvis began to

choke him. Davidson told Jarvis he could not breathe, but Jarvis did not relent. Davidson tried, and failed, to get away from Jarvis or to record the incident on his cell phone; he also asked Jarvis "to just handcuff him and stop." *Id.* ¶ 9. Jarvis tased Davidson "numerous times in his back, his head and behind his ear." *Id.* Eventually, Jarvis arrested Davidson.

Davidson sustained numerous injuries as a result of Jarvis' attack, and continues to suffer from back problems, headaches, sensitivity to noise and light, memory loss, and other neurological damage. Davidson was charged with aggravated assault on a public servant, assault on a public servant, and criminal trespass, but all charges were later dismissed.

After the events of January 4, Davidson brought suit against Jarvis, the City of Dallas, Texas, and AT&T. Relevant here are his claims against AT&T: false arrest, false imprisonment, intentional infliction of emotional distress, and assault and battery.[1] All of these claims are based on the theory that Jarvis was acting as AT&T's agent on January 4, and therefore that AT&T is vicariously liable for his actions. In *Davidson I* the court dismissed without prejudice all claims against AT&T, holding that Davidson had failed to allege sufficient facts to establish that an agency relationship existed between AT&T and Jarvis. *See Davidson I*, 2018 WL 1407283, at *10. Davidson then filed a second amended complaint, which expands upon his agency theory and includes the additional

---

[1]Originally, Davidson also asserted a negligence claim against AT&T—a claim that was not based on a vicarious liability theory. *See* Am. Compl. ¶¶ 36-39. Davidson withdrew that claim in his response to AT&T's motion to dismiss his first amended complaint. *See Davidson I*, 2018 WL 1407283, at *10. No similar allegation appears in the second amended complaint.

- 3 -

allegation—absent from the first amended complaint—that AT&T had requested that Jarvis remove him from the store. AT&T now moves to dismiss all claims against it in the second amended complaint. Davidson opposes the motion.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss, Davidson must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual

allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

AT&T contends that Davidson has failed to plausibly allege the existence of an agency relationship between AT&T and Jarvis. Davidson responds that the facts asserted in the second amended complaint plausibly plead that Jarvis was a borrowed employee under the control of AT&T at the time of the relevant events. He also maintains that the second amended complaint plausibly pleads that Jarvis was a non-employee agent of AT&T, and that AT&T is vicariously liable for Jarvis' actions in this capacity.

A

"Under Texas law, [a]gency is the consensual relationship between two parties when one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control." *Akerblom v. Ezra Holdings Ltd.*, 848 F.Supp.2d 673, 690 (S.D. Tex. 2012) (alteration in original) (citations omitted), *aff'd*, 509 Fed. Appx. 340 (5th Cir. 2013), *abrogated on other grounds by Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 201 (5th Cir. 2016). As a general proposition, Texas law does not presume agency, and, when claiming agency, the alleging party has the burden of proving its existence*. Buchoz v. Klein*, 184 S.W.2d 271, 271 (Tex. 1944). If an agency relationship exists, a principal is liable for the acts of its agent when "the agent has actual or apparent authority to do those acts or when the principal ratifies those acts." *Spring Garden*

*79U, Inc. v. Stewart Title Co.*, 874 S.W.2d 945, 948 (Tex. App. 1994, no writ) (citations omitted). Actual authority arises when the principal intentionally confers authority upon an agent, or intentionally allows the agent to believe he has authority, or, by want of due care, allows the agent to believe himself to possess authority. *Id.* Apparent authority arises when a principal's conduct would lead a reasonably prudent person to believe that the agent possessed the authority to act on behalf of the principal. *See Maccabees Mut. Life Ins. Co. v. McNiel*, 836 S.W.2d 229, 232-33 (Tex. App. 1992, no writ).

In the employment context, an employer generally is liable for the torts of an employee if those torts were committed within the scope of employment. *See GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 617 (Tex. 1999). This can include liability for intentional torts "when the act, although not specifically authorized by the employer, is closely connected with the [employee's] authorized duties." *Id.* at 617-18. The test for the existence of an employment relationship is "whether the employer has the right to control the progress, details, and methods of operations of the work." *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002). Outside the employment context, a person may be liable for the tortious acts of another on a theory of non-employee agent liability (sometimes called "mission" liability). *See St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 537 (Tex. 2002); *see also Arvizu v. Estate of Puckett*, 364 S.W.3d 273, 276-77 (Tex. 2012). Such liability arises where an agent commits a tort in furtherance of a mission for the principal's benefit. *See St. Joseph Hosp.*, 94 S.W.3d at 537. "The key elements of such a theory are (1) benefit to the [principal] and (2) right of control." *Id.*; *see also Omega Contracting, Inc. v.*

*Torres*, 191 S.W.3d 828, 847-48 (Tex. App. 2006, no pet.) (noting importance of control in determining vicarious liability for actions of non-employee).

B

Davidson contends in his response to AT&T's motion to dismiss that, although Jarvis' general employer was AT&T's landlord, Jarvis was a "borrowed servant" working at the direction and under the control of AT&T when he removed Davidson from the AT&T store. *See* P. Resp. 7. Under Texas law, "a general or regular employee of one employer may become the borrowed employee of another with respect to some activities." *St. Joseph Hosp.,* 94 S.W.3d at 537; *see also McQuagge v. Heil Trailer Int'l, Co.*, 2014 WL 11310121, at *2 (N.D. Tex. Apr. 30, 2014) (Means, J.) (citing *St. Joseph Hosp.*, 94 S.W.3d at 537). "If an employee of one becomes the borrowed employee of another, he is no longer considered an employee of the general employer for vicarious liability purposes." *St. Joseph Hosp.*, 94 S.W.3d at 538. The question whether an employee has effectively been borrowed "hinges on whether the other employer or its agents have the right to direct and control the employee with respect to the details of the particular work at issue." *Id.* at 537. Here, the facts that Davidson alleges in the second amended complaint do not plausibly plead that AT&T had enough control over Jarvis' actions to give rise to borrowed employee liability.

Preliminarily, most of the agency-related allegations in ¶ 12 of the second amended complaint are not factual assertions but are instead mere "labels and conclusions," which are insufficient to plausibly plead a claim *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also, e.g., Shanghai Hailian Elec. Tools Co. v. Home Depot U.S.A., Inc.*,

2017 WL 4005139, at *3-4 (N.D. Tex. Sept. 12, 2017) (Fitzwater, J.). The second amended complaint asserts that the agency relationship between Jarvis and AT&T "is established by the fact that Defendant AT&T was able to control[—]and did control in the case of Plaintiff[—]the actions of Defendant Jarvis"; that "it was readily apparent that Defendant Jarvis was acting within his authority[—]actual or otherwise[—]on behalf of and at the request of AT&T"; that "Defendant Jarvis was not coincidentally present, but instead was 'working' for AT&T in his capacity as an agent"; that "such 'relationship' between AT&T and Defendant Jarvis was consensual in nature"; and that "Defendant Jarvis was acting under AT&T's control and all of Defendant Jarvis' actions were taken on AT&T's behalf." 2d Am. Compl. ¶ 12. None of these statements can be characterized as an allegation of fact. Rather, they are legal conclusions that cannot of themselves satisfy the requirements of Rule 8. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The only new factual allegation in Davidson's second amended complaint is that AT&T "request[ed] that Defendant Jarvis . . . remove Plaintiff from the store." 2d Am. Compl. ¶ 12. Assuming that this fact is true, Davidson nonetheless fails to state a claim on which relief can be granted. This is so because merely instructing a security officer to remove someone from an area does not constitute control over the details of the task.

The case of *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788 (Tex. 2006), provides an

instructive analogy, although it deals with independent contractor liability rather than borrowed employee liability.[2] In *Fifth Club* an employee of a nightclub operated by Fifth Club "signaled" to David West ("West"), an off-duty police officer providing security as an independent contractor, to remove the plaintiff from the property. *See id.* at 790. West then "grabbed [plaintiff], slammed [plaintiff's] head against a concrete wall, knocking him unconscious, and then struck him several times." *Id.* The Supreme Court of Texas held that Fifth Club was not vicariously liable for West's conduct: "Fifth Club's action in directing West to remove [plaintiff] from the premises did not rise to the level of directing how the work was to be performed or directing the safety of the performance because West retained the right to remove [plaintiff] by whatever method he chose." *Id.* at 792. The facts of the present case are similar. The second amended complaint alleges only that AT&T "request[ed]" that Jarvis "remove Plaintiff from the store." 2d Am. Compl. ¶ 12. It does not assert any facts that would enable the court to draw the reasonable inference that AT&T instructed Jarvis to push, strike, choke, tase, or arrest Davidson, or that AT&T otherwise had the right to tell Jarvis what methods to use in carrying out his task. In the absence of such

---

[2] The test for whether an employer is liable for the torts of an independent contractor is whether "the employer controls the details or methods of the independent contractor's work to such an extent that the contractor cannot perform the work as it chooses." *Fifth Club*, 196 S.W.3d at 792. The test for whether an employee has been borrowed by another employer is "whether the other employer or its agents have the right to direct and control the employee with respect to the details of the particular work at issue." *See St. Joseph Hosp.*, 94 S.W.3d at 537. Given the close similarity of these legal standards, however, an analysis of control in one context informs the analysis of control in the other.

a showing, Jarvis cannot be characterized as AT&T's borrowed employee.[3]

C

Davidson alleges in the second amended complaint that Jarvis was a "non-employee agent" of AT&T rather than a borrowed employee. *See* 2d Am. Compl. ¶ 12. The second amended complaint fails, however, to allege sufficient facts to plausibly plead that such a relationship existed. As discussed above, *see supra* § III(A), a threshold issue for determining whether vicarious liability can attach outside the employment context is the putative principal's right to control the details of the work.[4] *See Arvizu*, 364 S.W.3d at 276-77. This is essentially the same as the test for control in the borrowed employee context. *See*

---

[3]Davidson cites *Producers Chemical Co. v. McKay*, 366 S.W.2d 220 (Tex. 1963), for the proposition that "a *fact finder* must determine whose work the employee is performing and who has the power to control and direct the employee in performing the task." P. Resp. 8 (emphasis in original). He neglects to mention the holding of *Producers Chemical*: that the trial court did not err in refusing to submit the issue of control to the jury, because the evidence at trial was insufficient to raise the issue. *See Producers Chem. Co.*, 366 S.W.2d at 226. Plainly, the case does not stand for the idea that the issue of control must always go to a fact finder.

[4]Texas law is not entirely clear with respect to whether the non-employee liability test is about whether an agency relationship exists at all, or whether vicarious liability can attach to the principal within the context of that relationship. *Compare Arvizu*, 364 S.W.3d at 276 ("Question 3 establishes a principal-agent relationship between Puckett and MCAA. The jury found that MCAA, a nonemployee, was on a mission for the benefit of Puckett and subject to Puckett's control.") *with Duff v. Spearman*, 322 S.W.3d 869, 879-80 (Tex. App. 2010, pet. denied) ("To determine whether the doctrine of respondeat superior applies to an agency relationship, juries are asked to determine whether the agent was on a mission for the principal and whether the agent was subject to the principal's control with respect to the details of the mission."). Either way, however, the result in the present case is the same: Davidson has failed to plausibly plead the existence of an agency relationship by which AT&T can be held vicariously liable for Jarvis' actions.

*Omega Contracting*, 191 S.W.3d at 847 ("The coemployment, borrowed servant, and nonemployee on a mission theories of vicarious liability have one essential element in common: the right of control."). The analysis, therefore, must arrive at the same result. Because Davidson does not allege any facts that enable the court to draw the reasonable inference that AT&T retained the right to control the details of Jarvis' work, Davidson has failed to plead the existence of an agency relationship between AT&T and Jarvis that could subject AT&T to vicarious liability.

IV

Because the court concludes that Davidson has failed to allege sufficient facts to plausibly plead the existence of an agency relationship between Jarvis and AT&T, the court need not decide the other questions presented by AT&T's motion to dismiss: whether AT&T gave Jarvis actual or apparent authority to remove Davidson in the manner he did; whether Davidson has stated a claim for false arrest and false imprisonment, in particular; and whether Davidson has alleged a standalone claim for intentional infliction of emotional distress.

V

Davidson requests that the court grant him leave to amend his complaint. The court declines to do so. The Fifth Circuit has noted that district courts usually offer litigants "at least *one* opportunity to cure pleading deficiencies" before dismissing a case. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (emphasis added) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,

313 F.3d 305, 329 (5th Cir. 2002)). Davidson has already been afforded an opportunity to cure the exact deficiency at issue here. *See Davidson I*, 2018 WL 1407283, at *10 (dismissing Davidson's claims against AT&T but granting him leave to replead). The court declines in its discretion to grant him yet another opportunity to replead where he has already had a fair opportunity to plead a plausible claim against AT&T.

* * *

For the reasons stated, the court grants AT&T's motion to dismiss and denies Davidson's request for leave to amend. Davidson's action against AT&T is dismissed with prejudice by Rule 54(b) final judgment filed today.

**SO ORDERED**.

August 27, 2018.

```
_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE
```